**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4724

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAWN L. HENDERSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Walter D. Kelley, Jr., District Judge. (2:07-cr-00017-WDK)

Submitted: April 21, 2008          Decided: July 7, 2008

Before WILKINSON and KING, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Larry M. Dash, Assistant Federal Public Defender, Norfolk, Virginia, for Appellant. D. Monique Hutton, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn L. Henderson pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000), and the district court sentenced him to sixty months in prison and three years of supervised release. On appeal, Henderson's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issue of whether Henderson's sentence is procedurally and substantively unreasonable because the district court failed to give an adequate statement of reasons; failed to consider all of the relevant factors in 18 U.S.C. § 3553(a) (2000); and imposed a sentence that was greater than necessary to comply with the purposes of sentencing. Henderson has filed a pro se supplemental brief raising the same issue. We affirm.

We will affirm a sentence imposed by the district court as long as it is within the statutorily prescribed range and reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). In assessing the reasonableness of the sentence, we focus on whether the district court abused its discretion in imposing the sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We first examine the sentence for significant procedural errors, and then we look at the substance of the sentence. Id.; see also Gall v. United States, 128 S. Ct. 586, 597 (2007). On appeal, we presume that a sentence within a properly calculated

sentencing guideline range is reasonable. <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007); <u>see also</u> <u>Rita v. United States</u>, 127 S. Ct. 2456 (2007) (upholding our presumption).

In sentencing, the district court should first calculate the guideline range and give the defendant and the government an opportunity to argue for whatever sentence they deem appropriate. The district court should then consider the § 3553(a) factors to determine whether they support the sentence requested by either party. <u>Pauley</u>, 511 F.3d at 473. While a district court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553 or discuss every factor on the record, particularly when the court imposes a sentence within a properly calculated guideline range. <u>United States v. Johnson</u>, 445 F.3d 339, 345 (4th Cir. 2006). The court's explanation should provide some indication that it considered the § 3553(a) factors as to the defendant and the potentially meritorious arguments raised at sentencing. <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 380 (4th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 3044 (2007).

"[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." <u>Rita</u>, 127 S. Ct. at 2468. "Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical

case, and that the judge has found that the case before him is typical." Id. Further, "where judge and Commission *both* determine that" a guideline sentence is appropriate, "that sentence likely reflects the § 3553(a) factors." Id. at 2467.

We have reviewed the record and find Henderson's sentence is both procedurally and substantively reasonable. The district court properly determined Henderson's guideline range was fifty-one to sixty-three months based on his total offense level of seventeen and criminal history category VI. Next, the court gave the parties an opportunity to argue for the sentence they deemed appropriate and then considered the statutory factors in § 3553(a) to determine whether they supported the sentence requested by either party.

The Government argued a sentence at the higher end of Henderson's guideline range was appropriate based on the statutory factor that spoke most loudly in his case, his criminal history, and the nature of his offenses. Henderson argued that a sentence at the low end or below his guideline range was appropriate because his criminal history had already been taken into account, and a lower sentence would be sufficient for him to receive treatment for mental health and substance abuse issues that may have contributed to his violent criminal behavior. The district court determined that while Henderson might benefit from mental health treatment, he had not shown anything extraordinary about his case warranting a below-guidelines sentence. Moreover, based on his repeated pattern

of criminal activity, including some violent crimes, the district court reasonably determined that a sentence at the upper end of his guideline range was appropriate.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>